**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent/Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-22-35-RAW** |
| | ) | **(CIV-26-101-RAW)** |
| **DONALD LEE PADEN,** | ) | |
| | ) | |
| **Petitioner/Defendant.** | ) | |

**ORDER**

Before the court is the motion of the petitioner to vacate dismissal. On June 3, 2026, the court entered an order (#88) granting the government's motion to dismiss (#87) and dismissing petitioner's §2255 petition as untimely. In the present motion, petitioner asserts he did not receive a copy of the government's motion and therefore was deprived of his right to respond under Rule 5(d) of the Rules Governing Section 2255 Proceedings.

In the government's response to the pending motion, it represents that "the Government properly mailed the motion to Defendant's address of record, giving rise to the presumption that it was received." (#92 at 3). There is Tenth Circuit authority for such a rebuttable presumption, although not in this context. *See Witt v. Roadway Express,* 136 F.3d

1424, 1429-30 (10th Cir.1998). Petitioner has presented nothing to rebut the presumption beyond his assertion of non-receipt.

Moreover, petitioner has not demonstrated prejudice in two respects: (1) recognizing that his petition might be found untimely, he preemptively filed a motion for equitable tolling (#85), which the court addressed in its order; (2) he attached a copy of his proposed reply (#90-1) to the present motion. In his proposed reply, he contends that his petition falls within §2255(f)(4) because a "report" compiled by an inmate and presented to the district court in *Holloway v. United States,* 26-CV-32 (N.D.Tex.) has "establish[ed] a new systematic understanding" of petitioner's contention on the merits in his petition. This court has reviewed the docket sheet in *Holloway* and the district court nevertheless found that petitioner's §2255 petition untimely. For all practical purposes, petitioner has "filed" his response and it seems an empty formality to allow it, even if petitioner had rebutted the presumption of receipt.*

Finally, even if petitioner's untimely petition were considered, it would be denied on the merits. His contention is that the child

---

*Petitioner asserts his proposed reply is "based solely on the portions of the Goverment's motion that was reprinted" in the court's order. (#90-1 at n.1). The court finds petitioner's proposed reply and his motion for equitable tolling have sufficiently addressed the timeliness issue.

pornography statutes and sentencing scheme are unconstitutional because they have not eradicated the existence of child pornography. This court agrees with the court in *Unger v. United States,* 2026 WL 850474, *2 (E.D.Mo. 2026) that these same contentions "are not based in law or logic." Accordingly, "[t]hese are not novel legal theories, but rather baseless attempts to attack his criminal conviction and sentence well beyond the period of limitation." *Id.*

It is the order of the court that the motion to vacate dismissal (#90) is hereby denied.

**ORDERED THIS 1st DAY OF SEPTEMBER, 2026.**

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**